**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **TOMAS NAZARENO PABLO VARGAS**<br>**8757 Georgia Avenue, Suite 400**<br>**Silver Spring, Maryland 20910**<br><br>**PLAINTIFF**<br>**v.**<br><br>**CINTHIA'S BAKERY, LLC**<br>**5860 Columbia Pike**<br>**Falls Church, Virginia 22041**<br><br>**Serve: Gaulberto Rocha**<br>**6401 Rivington Road**<br>**Springfield, Virginia 22152**<br><br>**DEFENDANT.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO.:** 1:21-CV-873 |

## COMPLAINT

### Summary

1. Cinthia's Bakery, LLC ("Defendant") perpetrated an unlawful payroll policy designed to withhold and deny Plaintiff Tomas Nazareno Pablo Vargas ("Plaintiff") earned compensation and/or overtime wages as required by the Federal Fair Labor Standards Act 29 § U.S.C. 207, *et seq*. ("FLSA").

2. This action seeks to recover the unpaid overtime wages and other damages owed by Defendant to Plaintiff.

### Jurisdiction and Venue

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

4. Plaintiff is an adult resident of Arlington, Virginia.

5. Defendant is a limited liability company formed under the laws of the Commonwealth of Virginia.

6. At all times relevant, Defendant operated out of its Cinthia's Bakery and Café business at 5860 Columbia Pike, Falls Church, Virginia 22041.

7. Defendant operates as an enterprise engaged in commerce under the FLSA because it engages in uses materials, including food, drinks, and baking tools and products that cross state lines and, at all times material hereto, had an annual gross volume of sales more than $500,000.00.

8. At all times relevant, Defendant was Plaintiff's employer as defined by the FLSA.

9. Pursuant to the foregoing, jurisdiction and venue are proper in the United States District Court for the Eastern District of Virginia, Alexandria Division.

## FACTS

10. Plaintiff was employed by Defendant at its Cinthia's Bakery and Café in Falls Church, Virginia, to perform baking and related duties for the period of about 2011 through about July 2, 2021.

11. During the relevant statutory recovery period of July 2018 through July 2, 2021 (the "relevant period"), Plaintiff customarily worked six (6) shifts per week.

12. During the relevant period, Plaintiff's shifts customarily started about 12:00 AM and concluded between 12:00 PM and 1:00 PM.

13. At no time during the relevant period did Defendant keep or maintain accurate or reliable time records denoting the start or conclusion of Plaintiff's daily shifts.

14. During the relevant period, Plaintiff worked an average of about 72 hours per week.

15. During the relevant period, Defendant had actual or constructive knowledge of all hours Plaintiff worked each shift and each week and suffered or permitted Plaintiff to work an average of about 72 hours per week.

16. During the relevant period, Defendant paid Plaintiff a flat weekly salary of $792.00 per week.

17. During the relevant period, Defendant never paid Plaintiff at the time-and-one-half rate required by the FLSA for overtime Mr. Vargas worked over forty (40) hours per week.

18. For the relevant period, Defendant failed to pay Plaintiff overtime wages in the amount of approximately $27,000.00.

19. During the relevant period, Defendant had actual knowledge that it was obligated to pay Plaintiff overtime wages at the time-and-one-half rate for overtime Plaintiff worked over forty (40) hours each week.

20. During the relevant period, Defendant had actual knowledge that its failure to pay Plaintiff wages at the time-and-one-half rate for overtime Plaintiff worked over forty (40) hours each week was in direct violation of FLSA overtime compensation mandate.

## CAUSE OF ACTION
## Violation of the FLSA Overtime Compensation Mandate

21. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

22. Pursuant to the FLSA, employers must pay non-exempt employees such as Plaintiff at the rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

23. As set forth above, Defendant failed to pay Plaintiff at the FLSA required overtime rate of one-and-one-half times (1.5x) Plaintiff's regular hourly rate for all overtime Plaintiff worked over 40 hours per week.

24. Defendant had actual knowledge that its failure to pay Plaintiff at the FLSA required rate of one-and-one-half times (1.5x) Plaintiff's regular hourly rate for all overtime worked over 40 hours per week was in direct violation of Plaintiff's FLSA overtime compensation rights.

25. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

25. Plaintiff seeks to recover from Defendant of the following damages:

a. Unpaid wages due and owing for compensable overtime work duties performed over forty (40) hours per week;

b. Statutory liquidated damages;

c. Attorneys' fees and costs; and

d. All other legal and equitable relief as the Court deems just and proper.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays that this Honorable Court:

1. Award Plaintiff actual damages in the amount of all wages found due to Plaintiff and an award of liquidated damages as provided by the FLSA;

2. Award Plaintiff pre- and post-judgment interest at the statutory rate;

3. Award Plaintiff attorneys' fees, costs, and disbursements calculated at *Vienna Metro* Index Rates; and

4. Award Plaintiff such further legal and/or equitable relief as this Court deems necessary, just and proper.

Respectfully submitted,

Gregg C. Greenberg, Va. Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Attorneys for Plaintiff*